**SILENCE LAW GROUP, PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

**Jeffrey Silence** (029143)
(602) 932-8358
jeff@silencelaw.com

Counsel for Plaintiff

**MARKO LAW, PLLC**
220 W Congress, Fourth Floor
Detroit, MI 48226

**Nichole Omilion** (P86380)
(313) 777-7529
nichole@markolaw.com
**Jonathan Marko** (P72450)
jonathan@markolaw.com

Co-Counsel for Plaintiff

(pending pro hac admission)

Attorneys for Brandon Robinson

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Robinson, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Chas Roberts Air Conditioning, Inc. dba Chas Roberts Air Conditioning & Heating, | |
| Defendant. | |

Plaintiff, Brandon Robinson, alleges as follows:

## <u>JURISDICTION AND VENUE</u>

Silence Law Group
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

Silence Law Group
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

1. Plaintiff Brandon Robinson is a 48-year-old man residing in the City of Phoenix, County of Maricopa, State of Arizona.

2. Defendant Chas Roberts Air Conditioning, Inc., d/b/a Chas Roberts Air Conditioning & Heating ("Chas Roberts") is a domestic corporation located and conducting business in the City of Phoenix, County of Maricopa, State of Arizona.

3. The Court has federal question jurisdiction (28 U.S.C. § 1331) because Plaintiff's two claims are based on federal laws.

4. The events giving rise to this Complaint occurred within this judicial district. Venue is proper pursuant to 29 U.S.C. § 1391.

## **FACTUAL ALLEGATIONS**

5. Plaintiff, by reference, incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

6. Plaintiff Robinson began his employment with Defendant Chas Roberts in September 2015.

7. Defendant Chas Roberts is engaged in providing contracting services for the design, construction, and maintenance of heating and cooling ("HVAC") services to residents and businesses of Arizona.

8. Defendant Chas Roberts employed Plaintiff Robinson as a Sales Consultant Associate.

9. Plaintiff is an African American male.

10. Chas Roberts maintained a predominantly Caucasian workforce.

11. In 2015, Plaintiff received an increase in his commission percentages as a result of producing top sales in his region.

Silence Law Group
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

12. In or around February 2016, Robinson received a text message from Defendant Chas Robert's Sales Manager, Noah Senter, where he used the word "nigga."

13. In or around February 2016, Robinson discussed the incident with his coworkers and was informed by coworker Yolanda Pittman that Noah Senter regularly uses the racial slur.

14. In 2017, the bonus structure included a 1% bonus for two million dollars ($2,000,000) in revenue and a 0.5% bonus if the employee obtained one million five hundred thousand dollars ($1,500,000) in revenue.

15. In 2017, Plaintiff brought in over two million dollars in revenue.

16. Plaintiff was the only employee that brought in over two million dollars in revenue in 2017.

17. In February 2018, Plaintiff was informed that the bonus structure was changing.

18. Plaintiff was told that to obtain the 0.5% bonus, he would have to bring in two million dollars ($2,000,000) in revenue.

19. And to obtain the 1% bonus, he would need to obtain two million five hundred thousand (2,500,000) in revenue.

20. In or around February 2018, Defendant Chas Robert's Sales Manager, Noah Senter, informed Plaintiff that the bonus structure was changed by Defendant Chas Robert's Vice President, Damon Bromagen.

21. Plaintiff was told that Damon Bromagen changed the structure because he did not want to pay Plaintiff.

Silence Law Group
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

22. In or around February 2018, Plaintiff verbally complained to Defendant Chas Robert's Human Resources about the differential treatment he received in comparison to his Caucasian coworkers.

23. In response to his complaint of race discrimination, Plaintiff was told to work it out himself with Noah Senter and Damon Bromagen.

24. In or around January 2021, Defendant Chas Robert replaced Damon Bromagen as the company's Vice President, with Mike Senter, who is the brother of Noah Senter.

25. In or around January 2021, Plaintiff had a meeting with Noah and Mike Senter to discuss the bonus structure and the disparate treatment due to his race as compared to his other Caucasian coworkers.

26. Plaintiff was informed in this meeting that the alterations to his bonus structure were made to prevent Plaintiff from earning the 1% bonus.

27. In or around May 2023, Plaintiff had been approved for the Family Medical Leave Act ("FMLA") to treat his serious mental conditions including depression, anxiety, stress, and suicidal ideations.

28. During FMLA leave, Plaintiff's brother and other coworkers informed him that Noah Senter and Mike Senter questioned them to obtain the reason for his hospitalization.

29. Plaintiff was approved to return to work on September 25, 2023.

30. On September 25, 2023, Noah and Mike Senter presented Plaintiff with a new contract under which he would be receiving a pay cut and reducing his earning percentages on his commission structure.

31. The "new" commission structure was the same commission structure that Plaintiff started with at the company.

32. On September 25, 2023, Plaintiff objected to the new bonus structure.

33. On September 25, 2023, Plaintiff inquired about the basis for the "new" commission structure.

34. Noah and Mike Senter stated the "new" commission structure was due to his work truck being a "disaster."

35. Plaintiff asked to show him this "disaster" and explained that he had not driven his work truck since May 2023 because he was on FMLA leave.

36. On September 25, 2023, Plaintiff took photographs of his work truck in pristine condition, and requested to look at the other associates' vehicles, which Noah and Mike Senter refused.

37. On or around September 25, 2023, Plaintiff received five appointments and closed all five deals and surpassed the department's average.

38. On October 02, 2023, Plaintiff was called into Noah Senter's office to again sign the "new" commission contact.

39. On October 02, 2023, Plaintiff once again objected to the "new" commission contract.

40. Noah Senter told Plaintiff that they considered his objection to the new commission contract a voluntary resignation.

41. On October 02, 2023, Plaintiff informed Noah Senter that he was not resigning, and that if his employment ended, it was because Defendant Chas Roberts had terminated his employment.

Silence Law Group
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

Silence Law Group
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

42. On October 02, 2023, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and the Department of Labor.

43. On October 02, 2023, Defendant Chas Roberts terminated Plaintiff.

44. The bonus structure change was the result of discrimination based on Plaintiff's race and in retaliation for his protected complaints of race discrimination.

45. Robinson was wrongfully asked to sign a "new" and significantly worse commission contract because of his race and in retaliation for his protected complaints of race discrimination.

46. Robinson was removed from his position and terminated from Defendant Chas Roberts because of his race and his protected complaints of race discrimination.

47. Robinson was also retaliated against because he exercised his rights to take FMLA leave.

48. Robinson has suffered and continues to suffer emotional distress and significant economic loss.

49. Defendant's actions created a hostile work environment and resulted in disparate treatment of Plaintiff because of his race, his protected complaints of race discrimination, and his exercise of his FMLA rights.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1981 – Race Discrimination)

50. Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs above.

51. As set forth above, Defendant discriminated against Plaintiff based on his race, in violation of 42 U.S.C. § 1981.

6

52. Plaintiff has suffered loss of both income and benefits because of being unlawfully discriminated against.

53. Plaintiff has also suffered substantial emotional distress damages, including depression, anxiety, stress, and suicidal ideations.

54. Plaintiff is entitled to reinstatement with an appropriated pay adjustment or front pay in lieu thereof.

55. Due to Defendant's intentional disregard of Plaintiff's federally protected rights or its reckless disregard thereof, Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
**(42 U.S.C. § 1981 – Retaliation for Reporting Race Discrimination)**

56. Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs above.

57. As set forth above, Defendant retaliated against Plaintiff because he reported his concerns of race discrimination, in violation of 42 U.S.C. § 1981.

58. Plaintiff has suffered loss of both income and benefits because of being unlawfully retaliated against.

59. Plaintiff has also suffered substantial emotional distress damages.

60. Plaintiff is entitled to reinstatement with an appropriated pay adjustment or front pay in lieu thereof.

61. Due to Defendant's intentional disregard of Plaintiff's federally protected rights or its reckless disregard thereof, Plaintiff is entitled to an award of punitive damages.

## THIRD CAUSE OF ACTION

**(Title VII – Race Discrimination)**

Silence Law Group
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

Silence Law Group
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

62. Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs above.

63. As set forth above, Defendant discriminated against Plaintiff based on his race, in violation of Title VII of the Civil Rights Act of 1964.

64. Plaintiff has suffered loss of both income and benefits because of being unlawfully discriminated against.

65. Plaintiff has also suffered substantial emotional distress damages.

66. Plaintiff is entitled to reinstatement with an appropriated pay adjustment or front pay in lieu thereof.

67. Due to Defendant's intentional disregard of Plaintiff's federally protected rights or its reckless disregard thereof, Plaintiff is entitled to an award of punitive damages.

## **FOURTH CAUSE OF ACTION**

### **(Title VII – Retaliation for Reporting Race Discrimination)**

68. Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs above.

69. As set forth above, Defendant retaliated against Plaintiff because he reported his concerns of race discrimination, in violation of Title VII of the Civil Rights Act of 1964.

70. Plaintiff suffered financial losses and emotional distress damages.

71. Plaintiff is entitled to reinstatement with an appropriated pay adjustment or front pay in lieu thereof.

72. Due to Defendant's intentional disregard of Plaintiff's federally protected rights or its reckless disregard thereof, Plaintiff is entitled to an award of punitive damages.

**FIFTH CAUSE OF ACTION**

**(FMLA Retaliation)**

73. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs.

74. Plaintiff was an eligible employee within the coverage of the Family and Medical Leave Act.

75. Defendant was an employer within the coverage of the Family and Medical Leave Act.

76. Plaintiff was eligible for and qualified for leave under the Family and Medical Leave Act to treat his serious medical conditions, including depression, anxiety, stress, and suicidal ideations.

77. Plaintiff applied for and was granted leave under the Family and Medical Leave Act.

78. Plaintiff was on approved leave under the Family and Medical Leave Act from May of 2023 through September 25, 2023.

79. Plaintiff returned to work on September 25, 2023.

80. On the day he returned, management confronted Plaintiff demanding that he agree to a "new" and decreased commission structure.

81. Plaintiff objected to the "new" commission structure.

82. Defendant retaliated against Plaintiff for exercising his rights under the Family and Medical Leave Act, by among other things, decreasing his commission structure and terminating him.

83. Plaintiff has suffered a loss of both income and benefits.

Silence Law Group
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

Silence Law Group
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

84. Plaintiff is entitled to lost wages and liquidated damages on the amount of his lost wages under the FMLA.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial in this matter on all legal claims.

## REQUEST FOR RELIEF

Plaintiff Requests the following relief:

A. An award of all lost income and benefits pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 1981, and the FMLA,

B. An award of liquidated damages on the amount of lost wages pursuant to the FMLA,

C. An award of compensatory damages pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 1981, and the FMLA,

D. Affirmative injunctive relief in the form of reinstatement or front pay pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 1981, and the FMLA,

E. An award of punitive damages pursuant to Title VII of the 1964 Civil Rights Act and 42 U.S.C. § 1981,

F. An award of attorney's fees and costs pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 1981, and the FMLA, and

G. Such further relief as this Court deems proper.

DATED this the 13th day of October, 2024.

**Silence Law Group**

/S/ Jeffrey Silence
Jeffrey Silence
Attorney for Brandon Robinson

Silence Law Group
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

1

### Certificate of Service

2

I hereby certify that on the 13th day of October, 2024, I electronically transmitted the
attached document to the Clerk's Office using the CM/ECF System for filing.

3

4

 /s/ Jeffrey Silence

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Silence Law Group
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024